IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

      Plaintiff,                           No. CIV S-03-1113 DFL JFM P

   vs.

D. L. RUNNELS, et al.,

      Defendants.             <u>ORDER</u>

                             /

         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

         On October 12, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Neither party has filed objections to the findings and recommendations.

         The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis except for the qualified immunity analysis. In this case, the constitutional right in question is not clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation. The cases

1  cited by the magistrate judge do not address this situation.  In those cases, the actions taken
2  against the prisoner were more egregious.
3      This case is similar to Rodriquez v. Briley, 403 F.3d 952 (7th Cir. 2005).  See also
4  Freeman v. Berge, _ F.3d _, No. 05-2820, 2006 WL 722142, at *1 (7th Cir. Mar. 23, 2006)
5  (finding that "there is a difference between using food deprivation as a punishment and
6  establishing a reasonable condition to the receipt of food").  Defendant Cole did not restrict
7  plaintiff's access to food as a punishment.  Instead, plaintiff could have received his meals if he
8  complied with the prison rules to remove the window coverings.  Although Warden Runnels
9  issued a clarification memo stating that prisoners should not be deprived of meals because of
10 failing to remove window coverings, this memo was not released until September 12, 2001.[1]  All
11 but two of the incidents that plaintiff complains of occurred before Warden Runnels issued this
12 memo.  In addition, plaintiff fails to allege that he did not receive an adequate dinner on the days
13 when Cole did not provide him breakfast and lunch.  Therefore, the court finds that Cole is
14 entitled to qualified immunity.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

[1] Plaintiff's argument that the policy stated in the July 27, 2001 memo was not a valid rule is not persuasive.  In the September 12, 2001 memo, Runnels' stated that prison officers should continue to feed prisoners, even if they fail to remove window coverings.  However, he instructed staff to notify their supervisors who would evaluate the situation and could order cell extraction if necessary.  This clarification of prison policy does not retroactively invalidate the rule issued in the July 27, 2001 memo.

Accordingly, the court:

    1.  Adopts the October 12, 2005 findings and recommendations in part;

    2.  GRANTS defendants' May 10, 2005 motion for summary judgment on plaintiff's shower claim;

    3.  GRANTS Defendants' May 10, 2005 motion for summary judgment on plaintiff's claims against defendant Runnels and defendant Runnels is dismissed from this action;

    4.  GRANTS defendants' May 10, 2005 motion for summary judgment on plaintiff's claims against defendant Cole; and

    5.  Orders the case closed.

DATED: 28 March 2006

_____
DAVID F. LEVI
United States District Judge

3