IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

        Plaintiff,                No. 2:03-cv-1113 JAM JFM P

    vs.

SANDRA COLE,[1]

        Defendant.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On April 4, 2009, plaintiff filed a motion for protective order, alleging that prison officials have confiscated his legal property and that without his legal materials he will be unable to file his pretrial statement as required by this court's February 11, 2009 order. On May 5, 2009, defendant was directed to inquire as to the status of plaintiff's access to his legal materials. On May 8, 2009, defendant filed a report concerning plaintiff's access to his legal materials and an opposition to plaintiff's motion for protective order.

        In support of his motion, plaintiff filed a declaration, under penalty of perjury, which states:

_____

[1] Sandra Cole is the sole remaining defendant in this action. See March 29, 2006 Order and February 6, 2009 Opinion.

1

I've sent numerous inmate request[s] for interview forms through the institutional mail to the property officer requesting the return of my property, and never receiving any response. And ultimately submitting a CDC 602 appeal, and letter to M.D. McDonald, Warden at HDSP, requesting the return of my property, and I have not received a response from either as of this date.

(Id. at 2.) Plaintiff states his attorney who is representing him in a case before the Court of Appeals for the Ninth Circuit contacted HDSP litigation department to expedite return of plaintiff's legal property, but as of April 19, 2009, his property had not yet been returned. (Id.) Plaintiff also declared he wrote a letter to defendant's attorney, Megan O'Carroll, requesting her assistance in seeking return of his property without getting the courts involved, but received no response as of April 19, 2009. (Id. at 3.)

Defendant provided a declaration by Lieutenant Sisson of High Desert State Prison who confirmed that plaintiff has two boxes of legal materials "in a storage facility in the prison," that the prison has procedures in place for inmates to access stored legal materials, and that plaintiff has failed to use these procedures before filing his motion for protective order. (Sisson Decl., ¶¶ 3-5.) Moreover, Lt. Sisson arranged to have the boxes delivered to plaintiff on May 8, 2009; plaintiff refused to accept them, and refused to sign the form acknowledging receipt of the boxes. (Sisson Decl., ¶¶ 6-7; Attachment 1.)

Defendant's attorney states that plaintiff "did not attempt to contact defense counsel to resolve this matter before seeking the Court's intervention." (Defts.' Opp'n. at 2.) Defendant argues that plaintiff's motion for a protective order is abusive because it wasted state and judicial resources. (Id.) Defendant requests that any similar motions be summarily denied unless plaintiff provides evidence that he first attempted to use the procedures established at the prison to resolve his dispute. (Id.)

However, on May 20, 2009, plaintiff filed a reply in which he claims Lt. Sisson gave defense counsel deceptive information inasmuch as plaintiff has a total of eight boxes in storage, six of which contain legal materials, and two of which contain personal property. (Id. at

2.) Because the receipt presented incorrectly stated "all" of plaintiff's property had been returned, plaintiff refused to sign the receipt. Plaintiff contends the two boxes delivered to him contain records for his cases on appeal; those boxes were stored in R&R with the understanding that he could request them when needed. Plaintiff states that he informed Officer Edison that he was seeking the legal material from the total of 8 boxes in storage, and that Officer Edison consulted with Lt. Sisson by phone, and then informed plaintiff that the other property was taken and "is gone" because plaintiff refused a cellmate. (Pl.'s Decl. at 3-4.)

Plaintiff states he arrived at High Desert State Prison on November 25, 2008, with ten boxes of legal and personal property (8 boxes of legal materials and 2 boxes of personal property). (Pl.'s Decl. at 1.) Plaintiff broke down his property on November 27, 2008, which left him with 8 boxes. Two of the boxes containing legal material were for his two cases on appeal, and plaintiff marked those boxes and they were stored in R&R until needed. The remaining four boxes were left in his possession. On January 15, 2009, six boxes of his legal and personal property were confiscated and inventoried by prison officials. Four of those boxes contained legal material; all of his documents pertaining to the instant case were among those four boxes taken. (Pl.'s Decl. at 3.)

Plaintiff declares that, contrary to defense counsel and Lt. Sisson's declarations, he has submitted an inmate request and a CDC 602 to obtain his legal property, but that prison officials refused to process them so there is no record of his attempts. (Pl.'s Decl. at 5.) Plaintiff notes he does not hesitate to file grievances or a claim when his constitutional rights are violated, which is the type of inmate prison officials do not like, which is why he is being subjected to having his property kept from him. (Id.)

Plaintiff also provided a photocopy of his property receipt. (Reply, Ex. 1.) However, because this was a carbonized form which plaintiff has photocopied, the writing is illegible. Plaintiff contends that this form confirms that six boxes were confiscated from his cell on January 15, 2009.

As explained in this court's previous order, plaintiff has a pending deadline in this action and needs access to his legal materials pertinent to the instant action. Accordingly, plaintiff's motion for protective order will be granted. Defendant will be ordered to provide plaintiff with the four boxes of legal materials that contain information pertinent to the instant action or show cause why such materials cannot be returned to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 24, 2009 motion for protective order is granted;

2. Within twenty days from the date of this order, defendant shall provide plaintiff with the four boxes of legal materials that were confiscated from his cell on January 15, 2009. If defendant is unable to return plaintiff's legal materials, defendant shall show cause why such materials cannot be returned to plaintiff.

DATED: May 28, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; fost1113.po

4