IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD P. FOSTER,

    Plaintiff,                    No. 2:03-cv-1113 JAM JFM (PC)

    vs.

SANDRA COLE,

    Defendant.                  ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Following a two-day jury trial held on June 21, 2010 and June 22, 2010 on plaintiff's allegation that defendant refused to deliver meals to him on multiple occasions, judgment was entered in favor of defendant and the case closed accordingly. Plaintiff timely filed a notice of appeal. On January 7, 2011, plaintiff filed a motion for a copy of the trial transcript at government expense.[1]

        A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson,

---

[1] In the motion, plaintiff seeks "transcripts for the hearing(s) conducted in the district court in the proceedings held in this action." As there has been only one proceeding in which a transcript was prepared, the court construes plaintiff's request as a motion for trial transcript.

1

924 F.2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"). Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court.... Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

Plaintiff's motion for transcripts provides insufficient information for the court to determine whether this case is one in which limited government resources should be spent on the preparation of transcripts. In his motion, plaintiff states simply that he requires copies of the transcripts at government expense because he is indigent. This, without more, does not provide a sufficient basis for his need for the transcripts. Plaintiff has not provided the court with the specific issues he wishes to appeal and what specific portions of the transcript he believes are necessary to litigate that claim on appeal. Without knowing which specific parts of the transcript are necessary for plaintiff to fully litigate his appellate issues, the court cannot determine whether plaintiff's request for transcripts is not frivolous and the type of transcripts which would be required. See McKinney, 924 F.2d at 1511-12.

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for transcripts is
2  denied without prejudice.
3  DATED: May 25, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;fost1113.jo